1998 OK CIV APP 195

**STATE of Oklahoma ex rel., Teresa HARVEY (Carroll), Margaret B. Fent and Jerry R. Fent, Wife and Husband, as State of Oklahoma Taxpayers, Plaintiffs/Appellants,**

v.

**STATE of Oklahoma, ex rel. the CORPORATION COMMISSION; Cody Graves, as an individual and Commissioner, Bob Anthony, as an individual and Commissioner, and Ed Apple, as an individual and Commissioner of the Corporation Commission of the State of Oklahoma; and State of Oklahoma, ex rel. Oklahoma Tax Commission; and Oklahoma Gas and Electric Company, a corporation, Defendants/Appellees.**

No. 89917.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 10, 1998.

As Corrected May 22, 1998.

Rehearing Denied June 5, 1998.

Certiorari Denied Dec. 17, 1998.

Russell B. Fister, Oklahoma City, for Appellants Teresa Harvey (Carroll), and lead Counsel for Margaret B. Fent and Jerry R. Fent.

James F. Howell, Midwest City, Co–Counsel for Appellants.

Jerry R. Fent, Oklahoma City, for Appellants.

Hugh D. Rice, Robert J. Campbell, Rainey, Ross, Rice & Binns, Oklahoma City, for Appellees OG & E.

Rachel Lawrence Mor, Thomas H. Tucker, Oklahoma Corporation Commission, Oklahoma City, for Appellees Oklahoma Corporation Commission and the individual Commissioners.

Gregory K. Frizzell, Kathryn Bass, Sean R. McFarland, Oklahoma Tax Commission, Oklahoma City, for State of Oklahoma, ex rel. Oklahoma Tax Commission.

JOPLIN, Judge:

¶ 1 Oklahoma taxpayers Teresa Harvey, Margaret B. Fent, and Jerry R. Fent (Plaintiffs) seek review of the trial court's order denying Plaintiffs relief in their *qui tam* action claiming money due and owing from Oklahoma Gas and Electric Corporation to the Oklahoma Tax Commission on behalf of the State of Oklahoma pursuant to 62 O.S. 1991 §§ 372 and 373,[1] notwithstanding an order to the contrary by the Corporation Commission and its individual commissioners (collectively referred to as Commission). The matter stands submitted for accelerated appellate review on the trial court record under Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App., and having reviewed the record before us, we find the trial court's order should be affirmed.

¶ 2 In 1994, the Corporation Commission filed an order requiring OG & E to refund certain money to its ratepayers after its Public Utilities Division sought review of the reasonableness of charges paid. In this order, Commission established a schedule by which known ratepayers would receive a refund, as well as a method by which Commission would attempt a refund to former known ratepayers or to those ratepayers whose whereabouts were unknown. According to Commission, OG & E was required to main-

---

1. These statutes allow taxpayer to sue public officials for fraudulent payments or failure to pay proper entities taxpayer monies.

tain a separate account in which they were to deposit five percent (5%) of the refund amount ordered by Commission for the benefit of ratepayers whose whereabouts were unknown or former ratepayers. Commission then ordered that any of the five-percent fund remaining unclaimed after six months be placed in an OG & E account to offset certain costs incurred by OG & E.

¶3 Some funds in fact remained unclaimed, and OG & E accordingly applied these funds—pursuant to the Commission order—to certain costs incurred by OG & E vis-a-vis its fuel adjustment rider. Plaintiffs then brought the present action alleging these funds were "unclaimed property" which should be administered in accordance with the Uniform Unclaimed Property Act as required by 17 O.S.1991 § 125. Under the Unclaimed Property Act, 60 O.S.1991 § 651 et seq., any unclaimed property "belonging to" the state comes under the exclusive jurisdiction of the Oklahoma Tax Commission. Thus, according to Plaintiffs, Commission was without jurisdiction to allow OG & E to receive the funds but, rather, should be required to turn the unclaimed funds over to the Oklahoma Tax Commission.

¶4 We find Plaintiffs argument fundamentally flawed under the express terms of the Unclaimed Property Act. The Unclaimed Property Act defines "unclaimed property" as excepting property "to the extent otherwise ordered by the court or administrative agency." 60 O.S.1991 § 654.1. Stated otherwise, if the court or an administrative agency such as Commission provides for the disposition of property, such property—even if "unclaimed"—is excepted from the Act as property "otherwise ordered" disposed of by the court or an administrative agency. Thus, because Commission ordered the disposition to OG & E of the subject funds if unclaimed after six months, the subject funds do not come under the purview of the Unclaimed Property Act.[2]

¶5 The order of the trial court denying Plaintiffs relief is therefore AFFIRMED.

CARL B. JONES, V.C.J., and GARRETT, J., concur.

---

**2.** Plaintiffs cite a California and a Louisiana case—both based on state statutes—in support of their position. We find the reliance on the cases unfounded as the California statute apparently does not permit the payment of unclaimed refunds for the benefit of present utility customers, and the Louisiana statute recognizes the ability of the administrative agency to "otherwise dispose" of the subject funds thus taking the funds outside the purview of "unclaimed property."